391 So.2d 760 (1980)
STATE of Florida, Appellant,
v.
Louis C. HUNT, Jr., Appellee.
No. 80-230.
District Court of Appeal of Florida, Fifth District.
December 24, 1980.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. State Atty., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Ronald K. Zimmett, Chief, Appellate Division, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
Hunt was charged by an information with grand theft in the second degree of a motor vehicle in violation of section 812.014, Florida Statutes (1979). He moved to suppress his statements and any physical evidence on the ground that the initial stop that led to his arrest was illegal. The trial court granted that motion to suppress, and it is that order that the state is seeking to have reviewed on this appeal. The issue raised is whether the arresting police officer was justified in initiating a stop and identification check of Hunt.
At the hearing on the motion to suppress, the only witness was Officer Northcutt, who was the arresting officer. Officer *761 Northcutt testified that as he was cruising through the parking lot of an apartment complex at approximately 5:11 A.M., he saw Hunt inside a white-over-red Mercury automobile with the door open. About a month before, the officer had taken a breaking and entering report of a white-over-red automobile at the same complex in about the same parking space. The officer thought that this white-over-red automobile might be the same as the automobile involved in the prior breaking and entering, and the officer did not recognize Hunt as the owner of that vehicle. When Hunt saw the officer in his cruiser, Hunt got out of the car and started walking away. It was at this time that the officer stopped Hunt for questioning which led to the arrest.
Pursuant to section 901.151, Florida Statutes (1979), and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), a police officer may initiate a stop of a person based upon a founded suspicion. A founded suspicion is something less than probable cause, but something more than a mere suspicion. It is a reasonable suspicion that requires further investigation. Lewis v. State, 337 So.2d 1031 (Fla. 2d DCA 1976); State v. Othen, 300 So.2d 732 (Fla. 2d DCA 1974). It is a suspicion which has some factual foundation in the surrounding circumstances observed by the officer, when those situations are interpreted in light of the officer's knowledge. State v. Spurling, 385 So.2d 672 (Fla. 2d DCA 1980); State v. Stevens, 354 So.2d 1244 (Fla. 4th DCA 1978).
In this case, due to the color, size, and location of the automobile, Officer Northcutt reasonably believed that the car was the same one that had been burglarized about one month previously, and he reasonably suspected that somebody other than the owner of the car was in it at 5:11 A.M. The police officer was justified in stopping Hunt and making an investigation check.
The trial court's order granting the motion to suppress is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.