BERANEK, Judge.
Appellant was charged with and found guilty of trafficking in cocaine and possession of methaqualone. He raises four points on appeal, one of which is disposi-tive. We hold that the trial court erred in denying appellant’s motion to suppress the drugs.
This is an airport drug courier profile seizure. Agents observed appellant at the Delta Airlines ticket counter at the Fort Lauderdale airport. He was carrying with him a garment bag and a small shoulder bag. Appellant paid cash for a one-way ticket from Fort Lauderdale to Cincinnati. Agents testified that he appeared nervous and moved from foot to foot while he was in the ticket line. They approached appellant and after identifying themselves as police officers, they received permission to look at his ticket and his driver’s license. Noting different names on the ticket and license, the agents again identified themselves, this time as narcotics agents, and asked permission to hand search appellant’s luggage. Appellant initially consented and accompanied the agents to a small storage area. As they neared the area, appellant refused to enter. He then turned and ran but was tackled and arrested by two of the agents. While the agents were chasing appellant, another agent went through appellant’s bags and found cocaine. After appellant was arrested, a search of his person revealed six metha-qualone tablets.
The facts as outlined above were simply not sufficient to justify the initial stop. See Florida v. Royer, — U.S. -, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983), and Horvitz v. State, 433 So.2d 545 (Fla. 4th DCA 1983). It should be noted that the state in its brief characterizes the initial contact between appellant and the police as a voluntary citizen/police encounter. We agree with this characterization. Being a voluntary encounter, appellant had the right to withdraw any consent which he might have given previously. Lacking probable cause and appellant’s consent, the agents illegally searched the bags. Furthermore, the mere withdrawal of consent did not give the agents probable cause to arrest appellant after tackling him. We do not view appellant’s leaving the scene as an abandonment of his luggage. Obviously, a voluntary citizen/police encounter without probable cause can not be used as a test to see if the supposedly innocent citizen incriminates himself by running away. Realistically, we all know that running from the police indicates guilt or fear warranting further investigation. However, the constitutional requirement of probable cause can not be satisfied by the bootstrapping effect of tackling the apparently innocent person who chooses to sprint instead of politely declining to be searched.
The case is remanded with directions to discharge appellant.
REVERSED AND REMANDED.
DOWNEY and WALDEN, JJ., concur.