COWART, Judge.
This is an appeal of convictions of (1) possession of cocaine, (2) possession of less than twenty grams of marijuana, (3) possession of drug paraphernalia, and (4) of a revocation of probation, entered on pleas of nolo contendere reserving the right to appeal.[1] The defendant contends that the trial court erred in denying a motion to suppress evidence because an alleged search and seizure for the evidence occurred after an unlawful detention without founded suspicion.
A deputy sheriff responded to a phone call from a citizen regarding a suspicious vehicle in a wooded area. Stopping his automobile about fifteen yards away from the vehicle, the deputy approached the vehicle which was parked on an unpaved road, fifty to seventy-five yards away from a church. The deputy directed the four occupants of the vehicle to approach him one at a time and patted them down to determine if they were armed.
The deputy then approached the vehicle to check for other persons possibly hiding in the car and to determine what these individuals were doing in this area. He looked into the driver’s side of the vehicle and, with the aid of a flashlight, observed on a drink container between the front seats a small plastic baggie containing a green leafy substance which appeared to him to be marijuana. He opened the door and removed the baggie. It did contain marijuana. A later search of the vehicle uncovered cocaine and drug paraphernalia.
A law enforcement officer must have a founded suspicion that the occupants have committed, are committing, or are about to commit a crime in order to justify a stop. § 901.151(2), Fla.Stat. (1983). “A ‘founded suspicion’ is a suspicion which has some factual foundation in the circumstances observed by the officer, when these circumstances are interpreted in the light of the officer’s knowledge.” State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978). A minor intrusion into a citizen’s privacy rights is justified when the officer can “point to specific and articula-ble facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.” Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). See also State v. Hunt, 391 So.2d 760 (Fla.5th DCA 1980).
This court pointed out in State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982), that the validity of a stop must be made after an assessment of the whole picture. Here, the deputy had been called to investigate this automobile by a citizen because of its suspicious character and location. He testified that, in his experience, occupants of vehicles parked in secluded and wooded areas generally are engaged in either criminal or sexual activity. The officer drew upon his training, knowledge, and experience, which, coupled with the location, time, and nature of the activity of the defendant and his vehicle, resulted in a founded suspicion that justified the officer detaining Ewing and peering into Ewing’s automobile with his flashlight. The intrusion in this case was justified based on the factual circumstances and the inferences of the deputy. The subsequent seizure of the baggie of marijuana falls under the “open view” exception to the warrant requirement. Ensor v. State, 403 So.2d 349 (Fla. 1981).
Ewing’s motion to suppress evidence was properly denied.
AFFIRMED.
DAUKSCH and ORFINGER, JJ., concur.

. We have jurisdiction pursuant to Fla.R.App.P. 9.140(b)(1)(A).