497 So.2d 1344 (1986)
Curtis Oliver DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-809.
District Court of Appeal of Florida, Fifth District.
November 26, 1986.
*1345 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant pleaded nolo contendere to one count of possession of cocaine, reserving his right to appeal the denial of his motion to suppress in which he asserted that the evidence was obtained as a result of an illegal search. A second charge of resisting arrest without violence (section 843.02, Florida Statutes (1985)) was nolle prossed. We reverse.
The trial court heard no witnesses on the motion to suppress, but was presented with some skimpy stipulated facts. In the course of searching for a suspect in a homicide and theft case, two police officers approached the defendant who superficially resembled the suspect. When the officers got closer, they quickly determined that defendant was not the person for whom they were looking. Defendant could not produce any documentary identification, but he did give his correct name. While the officers were talking to defendant they noticed a 1/4" (one of the officers described it as "thumbnail-sized") bulge in defendant's sock[1] and suspected that defendant was carrying drugs. They asked for and received defendant's permission to search his sock, but when the officers attempted the search, the defendant ran away. The officers pursued defendant and arrested him for obstructing an officer in the execution of a legal duty, i.e. an investigation of a theft and possession of illegal drugs, without violence (Florida Statutes, section 843.02 (1985)). Pursuant to his arrest defendant was searched and a small piece of rock cocaine was discovered.
Once the officers concluded that defendant was not the man for whom they were looking, so far as this defendant was concerned, the investigation into the homicide and theft case was complete and there was no basis for further detaining the defendant. See Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983). There are no facts in the meager record before us to reflect upon what grounds the officers based their suspicion that the "thumbnail-sized" bulge could possibly be drugs. From what the officers could observe, the "bulge" could just as easily have been a band-aid, a wart or just a crease in the sock. It was agreed that the officers knew the defendant was not armed. The record does not reflect any other facts or circumstances to suggest defendant was involved in criminal activity.
A founded suspicion, a prerequisite for detention and further questioning pursuant to a Terry[2] stop, is something less than probable cause but more than a mere suspicion. State v. Hunt, 391 So.2d 760 (Fla. 5th DCA 1980). On the facts of this case, we cannot say that a mere 1/4" *1346 bulge in a sock, without more, rises to the level of a founded suspicion that defendant was in possession of drugs. Although defendant's consent to search the sock negated the need for either a founded suspicion to further question defendant or probable cause to search defendant, the defendant nonverbally withdrew his consent to search by leaving the scene. See Jacobson v. State, 476 So.2d 1282 (Fla. 1985); Ferron v. State, 489 So.2d 1213 (Fla. 4th DCA 1986); Nease v. State, 484 So.2d 67 (Fla. 4th DCA 1986). Because the officers never had more than a hunch that defendant possessed drugs, they had no basis to detain defendant, and once he withdrew his consent to search, the officers were without justification to pursue him. Defendant was at all times free to ignore the officers and continue on his way.
This case is distinguishable from both Jacobson and Nease because in those cases the facts gave rise to a founded suspicion that the defendants were involved in criminal activity and thus the defendants' consent and subsequent revocations were immaterial. The fact that founded suspicion existed was sufficient to detain those defendants for further questioning and the defendants' subsequent struggles with the officers upon being caught constituted interference with the lawful execution of the officers' legal duty, i.e., the investigation of apparent criminal activity.
The trial court should have granted the motion to suppress.
REVERSED.
COBB and COWART, JJ., concur.
NOTES
[1] The record does not show how defendant was dressed, so one can only guess as to how this tiny projection was visible.
[2] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).