STONE, Judge.
We affirm the appellant’s conviction of trafficking in cocaine and possession of marijuana. The issue on appeal is whether the law enforcement officers who searched the defendant’s luggage at the scene of his arrest were required to secure a warrant before conducting the search. At the timé of arrest Stone was effectively in custody, and the luggage was out of his physical possession.
The evidence is undisputed that two Bro-ward County deputies approached the defendant, who was seated on a Greyhound bus, and engaged him in conversation. They stated their purpose in seeking his cooperation and consent to a search of his luggage. The defendant did not consent to the luggage search, but did agree to permit a dog to sniff the bags. In the course of the conversation, and while still seated, the defendant told the deputies that he had marijuana in one of his two bags stored in the overhead rack immediately above his head.
Following the defendant’s incriminating admission, the deputies asked the defendant to leave the bus with them. The deputies removed the defendant’s suitcases and placed them next to the bus. There, a specially trained dog “alerted” on both of the bags while the defendant stood a few feet away. The “alert” indicated the presence of either heroin, cocaine, hashish or marijuana. The defendant was then formally placed under arrest, after which his bags were immediately searched.[1] Two kilos of cocaine were found in one bag, and a small amount of marijuana in the other.
The appellant contends that a warrant was required before the luggage could be searched, relying on United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). See also Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979). In Chadwick, the Supreme Court held that a search warrant was required in order to search a locked footlocker that had been taken into custody by government agents at the scene of the defendant’s arrest. The footlocker was opened and searched, without consent or warrant, at a federal building one and a half hours after the arrest.
*160 We consider the appeal en banc, sua sponte, because we consider it to be of exceptional importance.
In this appeal, the defendant does not dispute that he was lawfully under arrest at the time of the search. One of the recognized exceptions to the Fourth Amendment warrant requirement is a search that is conducted incident to a lawful arrest. See, e.g., New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977); Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Savoie v. State, 422 So.2d 308 (Fla.1982). See also United States v. Andersson, 813 F.2d 1450 (9th Cir.1987); United States v. French, 545 F.2d 1021 (5th Cir.1977).
In Chadwick, the Supreme Court rejected the arguments of the government that the warrant requirement of the Fourth Amendment be substantially restricted with respect to movable personal property. The court recognized the variety of settings in which warrantless searches are held unreasonable and therefore unconstitutional, and those, including searches incident to arrest, in which warrants are not required. 433 U.S. at 9-15, 97 S.Ct. at 2482-86. The Supreme Court concluded:
However, warrantless searches of luggage or other property seized at the time of an arrest cannot be justified as incident to that arrest either if the “search is remote in time or place from the arrest,” Preston v. United States, 376 U.S. [364], at 367, 84 S.Ct. [881], at 883 [11 L.Ed.2d 777 (1964) ], or no exigency exists. Once law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest.
Here the search was conducted more than an hour after federal agents had gained exclusive control of the footlocker and long after respondents were securely in custody; the search therefore cannot be viewed as incidental to the arrest or as justified by any other exigency.
Id. at 15, 97 S.Ct. at 2485-86. (footnote omitted).
In New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the Supreme Court upheld the warrantless search of a jacket seized from within the defendant’s automobile as incident to his arrest, notwithstanding that the defendant was securely in custody at the time of the search. The court held that the search incident to arrest exception applied to the search of any container found within the interior of an automobile that had been occupied by a defendant immediately prior to the arrest. 453 U.S. at 460, 101 S.Ct. at 2864.
The scope and authority of New York v. Belton is not limited to the search of the contents of automobiles. In Savoie v. State, 422 So.2d 308 (Fla.1982), the Florida Supreme Court applied the holding in Bel-ton to resolve the legality of a search that did not involve a vehicle. In Savoie, an undercover officer in a hotel room had seen the defendant place evidence into a locked briefcase. After the defendant was arrested, the arresting officer took physical possession and control of the briefcase. The defendant argued that the search of the briefcase could not be considered incidental to his arrest, as the briefcase was beyond his effective control at the time, and there was therefore no reason to be concerned about a physical threat to the officers or the destruction of evidence. However, our supreme court recognized that this viewpoint had been effectively rejected by New York v. Belton, and that although the briefcase was no longer available to the defendant as a result of having been seized, a warrant was nevertheless not required in order to conduct a lawful search.
Here, the appellant argues that under Chadwick, a warrant was necessary for the lawful search of his luggage, as distinguished from other types of containers such as a purse or briefcase, and that the location of the luggage demonstrated *161 that it was not within the area of his control. Appellant also contends that the search incident to arrest exception should not be applied, regardless of the proximity of the container to the defendant, if the officers intend to continue their investigation into the contents of the container. See Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987); United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); United States v. Mancini, 802 F.2d 1326 (11th Cir.1986). However, we do not find these arguments persuasive, as we consider the arrest itself a sufficient reasonable intrusion not requiring further justification for the search of personal property, including containers, which are within the defendant’s control immediately prior to the arrest. See New York v. Belton; United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); Savoie v. State.
There is little to distinguish between this case and Savoie that would justify our reaching a contrary result. In both situations, the search was incident to an arrest, the container had just been removed from the defendant’s possession by the police and was safely out of the defendant’s control, the container was one in which private effects are customarily found, and in each case the container was opened at the scene of the arrest.
In New York v. Belton, the majority recognized that it is often difficult to apply the principles of the arrest exception enunciated in Chimel v. California. The court reasoned that it is the arrest that justifies the search as a reasonable intrusion. The Supreme Court recognized the need for a fixed standard to guide police officers in understanding when such a search would not violate the warrant requirement of the Fourth Amendment. In Belton the Supreme Court noted that the New York Court of Appeals in that case had erroneously relied upon United States v. Chadwick and Arkansas v. Sanders in determining that the search of Belton’s jacket was constitutionally invalid. The Supreme Court distinguished those earlier cases, saying:
But neither of those cases involved an arguably valid search incident to a lawful custodial arrest. As the Court pointed out in the Chadwick case: “Here the search was conducted more than an hour after federal agents had gained exclusive control of the footlocker and long after respondents were securely in custody; the search therefore cannot be viewed as incident to the arrest or as justified by ■any other exigency.” 433 U.S., at 15, 97 S.Ct., at 2485. And in the Sanders case, the Court explicitly stated that it did not “consider the constitutionality of searches of luggage incident to the arrest of its possessor. See, e.g., United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). The State has not argued that respondent’s suitcase was searched incident to his arrest, and it appears that the bag was not within his ‘immediate control’ at the time of the search.” 442 U.S., at 764, n. 11, 99 S.Ct., at 2593, n. 11. (The suitcase in question was in the trunk of a taxicab. See n. 4, supra.)
New York v. Belton, 453 U.S. at 461-62, 101 S.Ct. at 2865. The court then went on to hold:
The jacket was thus within the area which we have concluded was “within the arrestee’s immediate control” within the meaning of the Chimel case. The search of the jacket, therefore, was a search incident to a lawful custodial arrest, and it did not violate the Fourth and Fourteenth Amendments.
Id. at 462-63, 101 S.Ct. at 2865 (footnote omitted).
Certainly it offers no guidance to an arresting officer to have a different rule depending upon whether the bag in question is a briefcase, a satchel, a carry-on or tote bag, or larger luggage. Nor should an officer’s authority to search depend on the fortuitous circumstances of how the probable cause to arrest arose. It should not matter whether the bags were immediately above the defendant’s head rather than under the seat ahead of him, or whether the briefcase in Savoie’s possession was carried in his hand or was being *162 carried by a porter in a cart alongside him, as long as they were within the area recognized in Chimel. Nor is there anything in either Savoie or Belton to indicate that the motive of the officer should determine whether a search passes muster. Rather, a search that is not remote in time or place should be deemed to be a reasonable intrusion if the object of the search had been within the defendant’s immediate area of control just prior to his detention and the seizure. Officers, in the tension and exigency at the scene of making an arrest, cannot be reasonably expected to make a complex detached analysis before deciding whether the search of a container, located sufficiently near the defendant to satisfy the Chimel standards, requires a warrant. This conclusion is not inconsistent with the application of the general rule, recognized in Chadwick, that a warrant is always required where an exception to the warrant requirement is no longer applicable.
Chadwick does not require the suppression of evidence found incident to a search conducted at the scene of an arrest. The Chadwick opinion emphasized that the search in that case occurred long after the luggage had been removed from the scene. We note that in his dissenting opinion, Justice Blackmun was clearly satisfied that the search of the footlocker would not have been held unconstitutional by the Court had the agents simply conducted the search at the scene. Chadwick, 433 U.S. at 22-23, 97 S.Ct. at 2489-90.
In New York v. Belton, the Court said:
Although the principle that limits a' search incident to a lawful custodial arrest may be stated clearly enough, courts have discovered the principle difficult to apply in specific cases. Yet, as one commentator has pointed out, the protection of the Fourth and Fourteenth Amendments “can only be realized if the police are acting under a set of rules which, in most instances, makes it possible to reach a correct determination beforehand as to whether an invasion of privacy is justified in the interest of law enforcement.” LaFave, “Case-By-Case Adjudication” Versus “Standardized Procedures”: The Robinson Dilemma, 1974 S.CtRev. 127, 142. This is because “Fourth Amendment doctrine, given force and effect by the exclusionary rule, is primarily intended to regulate the police in their day-to-day activities and thus ought to be expressed in terms that are readily applicable by the police in the context of the law enforcement activities in which they are necessarily engaged. A highly sophisticated set of rules, qualified by all sorts of ifs, ands, and buts and requiring the drawing of subtle nuances and hairline distinctions, may be the sort of heady stuff upon which the facile minds of lawyers and judges eagerly feed, but they may be ‘literally impossible of application by the officer in the field.’ ” Id., at 141.
453 U.S. at 458, 101 S.Ct. at 2863.
We also note that State v. Wells, 539 So.2d 464 (Fla.1989), which Judge Anstead considers persuasive, did not involve a search incident to arrest, nor was the search in Wells conducted at the scene of arrest. The statements quoted from Wells, by the dissenting opinion, do not purport to restrict the ability of an officer to conduct a search incident to arrest that is not remote in time or place.
We therefore conclude that the trial court did not err in denying the defendant’s motion to suppress. The judgment and sentence are affirmed.
HERSEY, C.J., and DOWNEY, LETTS, DELL, WALDEN, GUNTHER, WARNER, POLEN and GARRETT, JJ., concur.
ANSTEAD, J., dissents with opinion.
GLICKSTEIN, J., concurs in part with ANSTEAD, J., dissent, and dissents with opinion.

. In a supplemental brief, the defendant contends that the evidence should also be suppressed on the ground that his admission arose out of an illegal stop and detention, in that he had been approached at random while a passenger on the bus. We note that this court has recently decided this issue, on related facts, adversely to the defendant. See State v. Avery, 531 So.2d 182 (Fla. 4th DCA 1988). In any event, we do not address this point because the issue was not argued at trial. We also note that no question concerning the conduct of the dog sniff itself has been raised in this appeal.