WARNER, Judge.
The State appeals the trial court’s order granting the suppression of cocaine found as a result of an illegal search of appellee’s luggage. The State claims that the search of the bag was lawful as it was sufficiently contemporaneous with appellee’s arrest. We disagree and affirm.
This began as another bus search. Upon reaching appellee’s seat on the bus, one of the officers introduced himself and asked appellee if he minded talking to him. Ap-pellee was then asked about his luggage which he pointed out to the officer. The officer then asked if he could search appel-lee’s luggage and advised him of his right to refuse permission. At that moment, one of the other officers had removed another bag no one had claimed and said, “I found some cocaine.” Appellee, without answering the officer’s earlier question regarding consent, then punched the officer, shoved him aside, and ran off the bus. Other officers followed him and ultimately arrested appellee several blocks from the bus station. After appellee fled from the bus one of the officers removed appellee’s luggage and threw it in his patrol car. The officers could not testify that appellee was even present when the suitcase was searched, but it was not searched at the time or place of the arrest of appellee several blocks from the bus station.
In Stone v. State, 547 So.2d 158, 162 (Fla. 4th DCA 1989), this court stated:
... a search that is not remote in time or place should be deemed to be a reasonable intrusion if the object of the search had been within the defendant’s immediate area of control just prior to his detention and the seizure.
In Stone, the defendant and his luggage were removed from the bus when he admitted that he had marijuana in one of his *713 bags on the overhead rack. Outside the bus, the canine alerted on both of the defendant’s bags. The defendant was then placed under arrest and the bags were searched. At all times both the defendant and the bags were in close proximity.
This case is distinguishable from Stone in that appellee was arrested several blocks from the bus station, and the search was clearly remote in place from the arrest. Thus, it is similar to Nease v. State, 484 So.2d 67 (Fla. 4th DCA 1986), rev. denied, 494 So.2d 1153 (Fla.1986), cert. denied, 481 U.S. 1041, 107 S.Ct. 1982, 95 L.Ed.2d 822 (1987), which held that a luggage search under similar circumstances was invalid under the Fourth Amendment, citing United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). Here, the evidence clearly shows that the officers had seized the luggage prior to the arrest, put it within their possession, and searched it without the appellee ever being present. Thus, it cannot be justified as a search incident to a lawful arrest even under Stone.
The other arguments propounded by the State were not made to the trial court below and are thus not properly preserved for review, Sapp v. State, 411 So.2d 363 (Fla. 4th DCA 1982).
Affirmed.
GLICKSTEIN, J„ concurs.
ANSTEAD, J., concurs specially with opinion.