ANSTEAD, Judge,
specially concurring.
Although I agree that the search of ap-pellee’s luggage was improper under the United States Supreme Court’s holding in United States v. Chadwick, I am not as certain that this case is not in conflict with our recent decision in Stone v. State, 547 So.2d 158 (Fla. 4th DCA 1989), approving the search of a defendant’s luggage. Other than the defendant bolting from the scene and being caught a few blocks away, this case is indistinguishable from Stone. In Stone, as in this case, it was undisputed that the defendant’s luggage had already been seized by the police and that the defendant had no access to the luggage at the time it was searched.
In Nease v. State, 484 So.2d 69-70, another case whose critical facts cannot be distinguished from those of Stone, this court held:
We conclude that for all practical purposes Nease was under arrest at this time. The methaqualone found in his possession, therefore, was admissible because it was obtained in a search pursuant to a lawful arrest. We reach a different conclusion, however, with regard to the cocaine found in Nease’s suitcase. Because we conclude that by running Nease effectively withdrew his consent to a search of his luggage, a warrantless search of those bags was improper. The Fourth Amendment protects an owner’s expectation of privacy in the contents of a closed container. United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). In Chadwick, the court concluded that a warrant was necessary to search a locked footlocker seized contemporaneously with the defendant’s arrest, despite the fact that the police had probable cause to believe it contained marijuana. The court stated:
Once law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest.
433 U.S. at 15, 97 S.Ct. at 2485, 53 L.Ed.2d at 51.