576 So.2d 398 (1991)
Doreen HELLER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-774.
District Court of Appeal of Florida, Fifth District.
March 14, 1991.
*399 Manuel A. Machin, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from convictions for unlawful possession of a controlled substance[1] and unlawful possession of drug paraphernalia.[2] Appellant asserts as error the denial of her motion to suppress evidence. We reverse and order appellant discharged.
Appellant and a passenger were in a car at an interstate highway rest stop when two patrolling officers ran a tag check on the car. The radio response to the tag check showed the registration plate belonged on a different vehicle. Appellant was pulled over and asked for her license and car registration. After appellant produced both, the officer realized he had called in the wrong tag number. The proper number was called in and came back clean. The officer then told appellant she was free to go. After appellant returned to her car, the officer's partner said he noticed "needle-marks" on the passenger's arm. Based upon this comment the two officers again approached appellant. She was required to get out of her car and answer several questions. When asked if she had any drugs in the car she hung her head and said yes. A search and seizure ensued.
The officer's initial stop of appellant to explain the license plate discrepancy was proper. Esteen v. State, 503 So.2d 356 (Fla. 5th DCA 1987). However, when she was again required to submit to their orders the officers committed constitutional wrongs.
While a citizen can be forced to submit to an investigative stop, such a stop is lawfully done only when based upon a "founded suspicion" grounded upon "factual observations in light of his knowledge and experience that the person has committed, is committing, or is about to commit a crime." Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Bastien v. State, 522 So.2d 550 (Fla. 5th DCA 1988). A hunch or mere suspicion does not count. Davis v. State, 497 So.2d 1344 (Fla. 5th DCA 1986). The observation of needle marks on a passenger's arm comes nowhere near establishing a legitimate ground to reasonably suspect the driver is, has, or will shortly commit a crime. Indeed, it is not enough evidence, standing alone, to create a founded suspicion to detain the passenger.
*400 Because the illegal drugs and paraphernalia were seized as a result of illegal police conduct, violative of the fourth amendment to the United States Constitution and Article I, Sections 12 and 23 of our state constitution, the trial judge erred in failing to suppress their introduction in evidence. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Caplan v. State, 531 So.2d 88 (Fla. 1988), cert. den., Florida v. Caplan, 489 U.S. 1099, 109 S.Ct. 1577, 103 L.Ed.2d 942 (1989); Jennings v. State, 512 So.2d 169 (Fla. 1987), cert. den., Jennings v. Florida, 484 U.S. 1079, 108 S.Ct. 1061, 98 L.Ed.2d 1023 (1988); State v. LeCroy, 461 So.2d 88 (Fla. 1984), cert. den., LeCroy v. Florida, 473 U.S. 907, 105 S.Ct. 3532, 87 L.Ed.2d 656 (1985).
CONVICTIONS REVERSED, APPELLANT DISCHARGED.
HARRIS and DIAMANTIS, JJ., concur.
NOTES
[1] § 893.135, Fla. Stat. (1989).
[2] § 893.147, Fla. Stat. (1989).