LETTS, Judge.
The state “appeals” an order granting a juvenile defendant’s motion to suppress, heard at the very beginning of an adjudicatory hearing. Upon the rendering of this order, the state was left without a case and the proceedings terminated. We reverse.
We avoid discussion as to whether this controversy is appealable, treat the notice of appeal as a petition for writ of certiorari and grant same upon the authority of State v. Weir, 569 So.2d 897 (Fla. 4th DCA 1990).
Involved are three white juveniles cruising in a Mustang at 1:30 a.m., on a school night, in a black area “well known and documented for its illicit sale and use of narcotics.” An on-duty police officer pulled in behind them and radioed in the tag number, resulting in information that the tag belonged to an Isuzu automobile. He thereupon stopped the car and upon discovering, after another check, that the defendant driver’s license was suspended, arrested him and called a tow truck. While awaiting the truck, he inventoried the car, finding, on the floor, a bent Mountain Dew can containing some residue with numerous puncture holes. From experience, the officer concluded it was a homemade cocaine pipe. He placed only the one defendant in his police car and transported him to the station. At the conclusion of his shift, he followed his invariable custom of cleaning out his vehicle. He found a cocaine rock under the passenger seat. He *217 had likewise cheeked out the interior before his shift began. The defendant had been the only other occupant of the police car throughout the entire shift.
The motion to suppress sought the exclusion of both the Mountain Dew can and the cocaine rock, but not so clear is on what grounds the court granted the motion. Suffice it to say, it was either on the grounds of an improper stop or an illegal search of the defendant’s car. We address both of these contentions.
The mere presence of blacks in a white area or whites in a black area does not by itself create a founded suspicion of criminal activity, but there is no ban against a police officer following a motorist anywhere within his jurisdiction and running a cheek on a license tag. To do so is not a stop, is not a seizure and does not impermissibly intrude upon any right of the defendant’s privacy. State v. Smith, 529 So.2d 1226 (Fla. 3d DCA 1988). See also Heller v. State, 576 So.2d 398 (Fla. 5th DCA 1991). Discovery that the tag did not match the vehicle justified a stop to seek an explanation for the discrepancy. Heller. Thereafter, discovery that the defendant’s driver’s license had been suspended was sufficient to permit taking the defendant into custody because a misdemeanor committed in an officer’s presence is grounds for arrest. § 901.15(1), Fla.Stat. (1989). As the Florida Supreme Court recently held: “Under the analysis in Bertine[1] ... the Patrol is not compelled to provide an alternative to impoundment ...” State v. Wells, 539 So.2d 464, 469 (Fla.1989). We, therefore, find nothing illegal about the inventory search under the facts of this ease. See Wells.
Accordingly, the trial court's order is quashed and this case remanded for further proceedings.
CERTIORARI GRANTED.
DOWNEY and FARMER, JJ„ concur.

. Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987).