JOANOS, Chief Judge.
These consolidated cases comprise an appeal from the denial of a motion to suppress evidence obtained in the course of a vehicle inventory, and the imposition of sentences as an habitual felony offender. Appellant contends the inventory search was invalid, because it was conducted in violation of official department policy, and the imposition of habitual felony offender sentences was improper, because appellant’s prior convictions were not sequential. We affirm in part, and reverse in part.
The record reflects that on October 4, 1989, a deputy sheriff stopped appellant on suspicion of driving without a valid driver’s license. In response to the deputy’s signal, appellant pulled his vehicle into an old cable television site road, stopping at a point where a chain barred the road. When the deputy confirmed that appellant did not have a driver’s license, he placed appellant under arrest. The vehicle appellant was driving combined the characteristics of an automobile and pick-up truck. The open truck bed contained an unsecured motorcycle and a gas can. Although the parked vehicle did not pose a traffic hazard of any kind, the deputy refused to leave it parked at the cable road until appellant’s stepfather arrived to drive it home. Instead, the deputy informed appellant that the vehicle could be towed, one of the officers at the scene could drive it to the department substation, or someone designated by appellant could pick it up within a reasonable time. The deputy determined that the thirty to forty-five minutes it would take appellant’s stepfather to arrive at the scene was an unreasonable period of time.
The deputy drove appellant’s vehicle to the department substation, and conducted a vehicle inventory, in the course of which he discovered 110 grams of marijuana. Appellant was charged by information with possession of more than twenty grams of cannabis, in violation of section 893.13(l)(e), Florida Statutes, and of driving without a license. Subsequently, the trial court denied appellant’s motion to suppress the marijuana seized during the vehicle inventory, finding the initial stop proper because based on the officer’s probable cause to believe appellant was driving without a license, and finding the vehicle inventory justified under Walton County Sheriff’s Department General Order No. 23, pertaining to vehicle impoundment and inventory, or as a search incident to a lawful arrest. A jury found appellant guilty as charged of possession of twenty grams or more of cannabis, and of driving with a revoked license.
After an examination of the pre-sentence investigation report, the trial court determined that appellant had five prior felony convictions, beginning in November 1986, not including the instant offenses for which appellant was before the court for sentencing. The pre-sentence investigation report indicates that appellant was sentenced on August 12, 1987, for all five prior felony convictions. In Case No. 89-367, appellant was sentenced to eight years incarceration as an habitual felony offender for possession of cannabis, and fifteen days concurrent for driving with a suspended license. Appellant then pled nolo contendere in Case No. 90-222-CF, which had been scheduled for jury trial the following week. Based upon the habitual offender findings in Case No. 89-367, appellant was sentenced to ten years incarceration as an habitual felony offender, the sentence to run concurrently with the eight-year habitual offender sentence.
Turning to the issues presented in this case, we find no error with respect to the trial court’s denial of appellant’s motion to suppress evidence discovered during the vehicle inventory. In Colorado v. Bertine, 479 U.S. 367, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987), the Court held that the exercise of law enforcement discretion in determining whether to impound a vehicle or leave it lawfully parked after an arrest of the driver is not prohibited, “so long as that discre *350 tion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.” 107 S.Ct. at 743. The Court emphasized that the validity of such inventory searches requires: (1) the inventory search be undertaken in good faith; that is, on the basis of something other than suspicion of evidence of criminal activity; and (2) the inventory be conducted according to standardized criteria. 107 S.Ct. at 742-743. See also State v. Wells, 539 So.2d 464, 469 (Fla.1989), judgment affirmed, 495 U.S. 1, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990); State v. S.P., 580 So.2d 216 (Fla. 4th DCA 1991).
The underlying rationale of Bertine, and of South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), and Illinois v. Lafayette, 462 U.S. 640, 103 S.Ct. 2605, 77 L.Ed.2d 65 (1983), upon which Bertine relies, was that there had been no showing that the police acted in bad faith or for the sole purpose of investigation, and the governmental interests justifying the search involved potential police responsibility for property in police custody. The Supreme Court focused on three needs served by an inventory search which gives police knowledge of the precise nature of the property in their custody: (1) protection of the owner’s property; (2) protection of the police against claims of lost or stolen property; and (3) protection of police against potential danger from such things as explosives. Bertine, 107 S.Ct. at 741; Opperman, 96 S.Ct. at 3097.
In this case, the Sheriff’s Department General Order No. 23, relating to vehicle impoundment and inventory, provides that an arresting officer does not become responsible for a vehicle unless the vehicle is “towed ..., abandoned, seized, incident to an arrest, or otherwise detained in storage, and not in the possession of the owner.” Under Section III.B of the general order, if the owner of a vehicle is arrested and can provide no suitable alternative for im-poundment, the officer (a) must establish a necessity for impounding, (b) must advise the owner or possessor of the intent to impound, and (c) must give the arrested person a reasonable amount of time to provide an alternative to impoundment. The arrested person may request a wrecker of his choice, may designate another responsible person to take custody of the vehicle, or if legally parked, the vehicle may be left at the location of the arrest.
We conclude that the deputy acted in accordance with the department’s standardized criteria in determining that it would be inappropriate to leave appellant’s vehicle containing an unsecured motorcycle, and that it would be unreasonable to require an officer to remain with the vehicle for the period of time it would take appellant’s stepfather to arrive at the scene. We further conclude that the subsequent vehicle impoundment and inventory were conducted in compliance with the department’s General Order No. 23. Therefore, we affirm the trial court’s denial of appellant’s motion to suppress.
We reach a different conclusion with respect to the imposition of habitual felony offender sentencing in this case. It is well established that enhanced sentencing under the habitual felony offender statute requires that the prior convictions be sequential. See Barnes v. State, 576 So.2d 758 (Fla. 1st DCA 1991), and cases cited therein. See also Fuller v. State, 578 So.2d 887 (Fla. 1st DCA 1991).
The record in this case reflects that appellant has five prior felony convictions, and that not all of the underlying offenses were committed on the same date. However, the record also reflects that sentence was imposed as to all five felonies on August 12, 1987. The pre-sentence investigation report indicates that appellant was placed on three years probation for aggravated assault and battery committed on May 26, 1987. Probation was revoked on August 12,1987, and sentence was imposed on both counts on that date. If adjudication was withheld with regard to the May 1987 offenses, they do not constitute prior felonies for habitual offender purposes until August 1987, when sentence was imposed for the other prior felonies. See § 775.084(2), Fla.Stat. (1989). From the record before the court, it is impossible to determine whether appellant’s five prior *351 felony convictions were sequential. Therefore, we vacate the habitual felony offender sentences and remand for clarification and reconsideration. See Lawley v. State, 556 So.2d 430, 432 (Fla. 1st DCA 1989).
Accordingly, the denial of the motion to suppress is affirmed; the habitual felony offender sentences are vacated, and the cause is remanded for a determination whether any one of the five prior felony convictions occurred on a date sequential to August 12, 1987. If it is determined that none of the prior felony convictions was sequential, appellant must be re-sentenced without reference to the habitual offender statute.
SHIVERS and MINER, JJ., concur.