226 So.2d 257 (1969)
Lawrence E. DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 68-551.
District Court of Appeal of Florida. Second District.
September 5, 1969.
*258 Robert E. Jagger, Public Defender, and Edwin I. Ford, Asst. Public Defender, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
LILES, Acting Chief Judge.
Appellant was convicted of the crime of breaking and entering a dwelling house with intent to commit a misdemeanor and has appealed his conviction. He was tried by a jury which returned the verdict upon which judgment and sentence were entered.
On appeal, appellant argues that the State was improperly permitted to produce evidence obtained pursuant to a search of defendant's house. The State maintains that verbal consent was obtained from the defendant prior to conducting the search. Appellant argues that this consent was invalid as a waiver of his constitutional right against unreasonable search and seizure because he was not properly advised of his rights to have an attorney to specifically advise him on the implications of giving his consent in such a situation, to demand a search warrant, and to decline to give his consent to such a search.
The State argues that this court cannot even consider the merits of appellant's contention because appellant did not move to suppress the evidence at the proper time. The motion to suppress was made for the first time during the trial itself.
In support of its contention the State cites Moffett v. State, Fla.App. 1965, *259 179 So.2d 408; Kelly v. State, Fla.App. 1967, 202 So.2d 901; New v. State, Fla.App. 1968, 211 So.2d 35. Taken together, these cases stand for the proposition that a motion to suppress made for the first time at trial is improper and therefore cannot be considered for appellate review. These cases, however, do not directly control the present situation. It is accurate to say that Kelly v. State, supra, is factually directly on point, but the trial in that case occurred prior to January 1, 1968, the effective date of the new Florida Rules of Criminal Procedure, 33 F.S.A. We now hold, however, that CrPR 1.190(h) (2), in effect at the time of appellant's trial, provides that the trial judge, in his discretion, can entertain a motion to suppress illegally seized evidence during the trial where no pre-trial motion has been made.
CrPR 1.190(h) (2) provides:

"Time for Filing. The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial."
The wording of this rule clearly implies that it is discretionary with the trial judge whether to entertain such a motion or objection even in cases where opportunity to make this motion did exist prior to the trial, and where defendant was aware of those grounds. In other words, the trial judge, in his discretion, may entertain this motion at anytime. Furthermore, if he finds that "opportunity therefor did not exist or the defendant was not aware of the grounds for the motion" he must entertain the motion to suppress when the opportunity is finally made to exist, or when the defendant first becomes aware of the grounds for the motion. If the trial judge finds that these facts exist he has no discretion but to entertain the motion.
If the motion is made during the trial for any reason, other than those enumerated in the rule, it is still discretionary with the trial judge whether to entertain the motion. If in his discretion he refuses to entertain such a motion, the reviewing court must abide by his decision unless an abuse of discretion is demonstrated.
This is the rule followed by the Federal courts pursuant to Fed.R.Crim.P. 41(e) after which CrPR 1.190(h) was substantially patterned. See, e.g., Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; United States v. Watts, 2d Cir.1963, 319 F.2d 659; Gilbert v. United States, 9th Cir.1962, 307 F.2d 322, cert. denied 372 U.S. 969, 83 S.Ct. 1095, 10 L.Ed.2d 132.
The reason for the new rule is logical because the purpose in not allowing a motion to suppress to be made for the first time at trial is so that the trial judge does not have to stop the trial, remove the jury, and proceed to hear argument with regard to controverted facts which may be involved in the issue of whether the evidence was illegally seized. This is a rule of convenience for the orderly process of trial and to free it from unnecessary interruption. See Moffett v. State, supra; Annot., 50 A.L.R.2d 531, 587-89. Under the new rule, and the Federal rule, it is discretionary with the trial judge whether to interrupt a trial in order to determine this issue. If he decides to entertain this motion it is then his decision that results in interruption of the trial, and once the trial has been interrupted the reason for the old rule vanishes, whether the judge subsequently grants or denies the motion. Since the old rule was that where the defendant waits until trial to move to suppress illegally seized evidence he has waived his constitutional right to protest such an alleged unreasonable search, Kelly v. State, supra, when the trial judge proceeds to exercise his discretion to entertain the motion he has, in a sense, rejected defendant's waiver of his right to contest this issue.
Where the trial judge has properly entertained such a motion pursuant to the *260 rules, his disposition of the issue is subject to appellate review. Therefore, we now proceed to pass upon the trial judge's denial of appellant's motion to suppress.
Our review of the record indicates that defendant's consent to the search involved in this case was knowingly, intelligently, freely, and voluntarily given. See 29 Fla.Jur., Search and Seizure § 15.
Upon appellant's arrest, he was advised of his rights. At this time he orally consented to a search of his one-room apartment, but no search was conducted at this time because he was arrested at a place distant from his apartment. Appellant refused to sign a written waiver of consent but our review of the record as a whole indicates that this reservation in no way affected the voluntariness and completeness of appellant's oral consent. In Florida written consent is not necessary in order to waive the privilege against having one's home searched. Jackson v. State, Fla. 1961, 132 So.2d 596; Yant v. State, Fla.App. 1963, 154 So.2d 908.
Later, at the police station, appellant again orally consented to allow one of the officers to search his apartment. He was specifically advised by the police that anything seized in this search could be used against him in a subsequent criminal trial, and no reason has been made to appear why an attorney is necessary to advise him at this point in order for his consent to have been intelligently and knowingly given. After again giving his consent appellant accompanied the officers to his apartment, opened the door for them, and allowed them to search his apartment. Nowhere in the record is there any evidence of coercion or any pressure whatsoever being applied to obtain this consent. It appears the trial judge was quite correct in allowing the evidence seized during this search to be admitted into evidence.
An additional reason for believing that appellant's consent was voluntarily given is that he believed that nothing incriminating would be found in his apartment. Believing he had nothing to hide, appellant had nothing to gain by not voluntarily consenting to the search. As it turned out, the only articles seized were two pairs of socks which were subsequently linked to a sock which had been left at the scene of the crime. See Annot., 9 A.L.R.3d 858, 875.
The fact that appellant was under arrest and in custody at the time consent to the search was given does not render that consent involuntary as a matter of law. Rinehart v. State, Fla.App. 1959, 114 So.2d 487, cert. dismissed, Fla. 1960, 121 So.2d 654, cert. denied, 365 U.S. 849, 81 S.Ct. 812, 5 L.Ed.2d 813; Annot., 9 A.L.R.3d 858, 873-886. Even though the state has the heavy burden to overcome in showing the voluntariness of such consent when the defendant is under arrest, it appears that burden has been met in the present case.
Appellant's other point on appeal is that the trial judge should have instructed on the crime of petit larceny as a lesser included offense of breaking and entering a dwelling house with intent to commit a misdemeanor. As breaking and entering a dwelling house with intent to commit a misdemeanor in no way includes commission of the crime petit larceny, and it is not even necessary that the misdemeanor be committed in order to be guilty of this crime, the trial judge properly refused to instruct on the crime of petit larceny as a separate crime and there was no reason for the judge to so charge.
Affirmed.
PIERCE and McNULTY, JJ., concur.