PEARSON, Judge.
The appellant was adjudicated a delinquent upon a finding that he was guilty of grand larceny. Immediately prior to trial, the public defender, on behalf of the child, filed a motion to suppress certain evidence. The circuit judge denied the motion without a hearing thereon. The record of the subsequent hearing on the charge makes clear that there was a substantial question presented by the motion. We hold that the circuit judge committed reversible error in denying the motion without a hearing on the merits. See CrPR 3.190(h)(3).
The motion was legally sufficient and the circuit judge did not suggest by order or otherwise that it was not. The State suggests that the motion was denied because it was untimely. Although rule 3.190 permits the filing of a motion to suppress evidence at any time before trial, it is true that such a motion may not be used as a means of unreasonably delaying the trial. In such an instance, the trial judge could, in the exercise of his discretion and in order to provide a prompt and fair trial to both the defendant and the State, strike an untimely motion. Cf. Davis v. State, Fla.App.1969, 226 So.2d 257.
The circumstances of the instant case show that the motion could have been heard without an unreasonable delay. The witnesses on the motion were before the court and the motion could have been heard before proceeding to the merits. The evidence seized was the only evidence which connected the child to the larceny. We conclude that the denial of the motion without hearing was reversible error in that it deprived the child of due process of the law. See Foster v. State, Fla.App.1971, 255 So.2d 533.
Reversed and remanded for a new trial.