SHARP, Judge.
Savoie was adjudicated guilty of the offense of bribery of a police officer in violation of section 838.015, Florida Statutes (1979). In this appeal Savoie argues that the trial court erred in denying his motion to suppress the contents of a briefcase taken from his grasp at the time of his arrest. We disagree and affirm the judgment.
Florida Rule of Criminal Procedure 3.190(h)(4), provides:
The motion to suppress shall be made before trial unless opportunity therefore did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.
Despite four continuances of the trial, Sa-voie’s motion to suppress the evidence was not filed until the second day of trial. The trial judge held a hearing and denied the motion to suppress because of Savoie’s waiver of his right to make the motion at that time and on the merits. He could have concluded that Savoie was aware of the grounds for the motion and had sufficient opportunity to make the motion prior to the trial. The briefcase was listed on discovery documents provided by the State. In a pre-trial deposition the principal police officer who arrested Savoie referred to the contents of the briefcase and responded that the warrantless arrest was based on probable cause.
Because Savoie failed to move to suppress prior to the trial as required by the Rule when he was aware of the grounds for the motion and had ample opportunity to make the motion, we hold that he failed to preserve for appeal any error in the admission of the evidence. O’Berry v. Wainwright, 300 So.2d 740 (Fla.4th DCA 1974); Bailey v. State, 295 So.2d 133 (Fla.4th DCA 1974); Law v. State, 204 So.2d 741 (Fla.2d DCA 1967). Contra, T. C. v. State, 336 So.2d 17 (Fla.3d DCA 1976); Davis v. State, 226 So.2d 257 (Fla.2d DCA 1969). We do not reach the merits of the motion to suppress because we affirm on the basis of waiver. See Firestone v. Firestone, 263 So.2d 223 (Fla.1972).
Accordingly, the judgment and sentence in this case are
AFFIRMED.
ORFINGER, J., concurs.
DAUKSCH, C. J., concurs specially.