422 So.2d 308 (1982)
Armond P. SAVOIE, Petitioner,
v.
STATE of Florida, Respondent.
No. 61083.
Supreme Court of Florida.
November 10, 1982.
*309 Edward R. Kirkland, Orlando, for petitioner.
Jim Smith, Atty. Gen. and Barbara Ann Butler and Sean Daly,
Asst. Attys. Gen., Daytona Beach, for respondent.
OVERTON, Justice.
This is a petition to review the decision of the Fifth District Court of Appeal reported as Savoie v. State, 401 So.2d 1138 (Fla. 5th DCA 1981). We find conflict, as acknowledged by the district court in its opinion, with T.C. v. State, 336 So.2d 17 (Fla. 3d *310 DCA 1976), and Davis v. State, 226 So.2d 257 (Fla. 2d DCA 1969). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue before us arose from a denial of a motion to suppress made during trial. Although the trial judge heard the motion on the merits, he denied it both on the merits and on the ground of waiver, finding waiver because the motion was made during trial and was, therefore, not timely under the provisions of Florida Rule of Criminal Procedure 3.190(h)(4). On appeal, the district court affirmed the waiver ruling and refused to consider the denial on the merits. Under the circumstances of this case, we reject the district court's holding that waiver was the proper basis for denying the motion to suppress. The trial judge considered the motion on the merits, and we find that this renders the waiver issue moot. We further find that the trial judge correctly denied the motion to suppress on the merits. We have addressed this issue because, once we accept jurisdiction over a cause in order to resolve a legal issue in conflict, we may, in our discretion, consider other issues properly raised and argued before this Court. We, therefore, approve the result of the district court's decision.
We must detail the mostly uncontroverted facts in the record in order to properly address the issues in this cause. Petitioner, Armond Savoie, was charged by information with having committed bribery by corruptly giving the sum of five thousand dollars to Officer Stewart of the City of Winter Park police force with the intent to influence the performance of that officer by requesting that he destroy or dispose of evidence in two pending criminal cases. According to Officer Stewart's testimony, he met with Savoie in a restaurant in Clermont, Florida, at which time Savoie asked if he could dispose of the criminal charges pending against one James Savage, and, if so, how much this service would cost. Officer Stewart, who was an investigator in the Savage case, prepared simulated evidence to sell to Savoie. This simulated evidence consisted of fabricated video tapes and two envelopes containing money. Officer Stewart put police evidence tape on all of these items and marked them as evidence. He then contacted Savoie and arranged to meet him at a motel in Kissimmee, Florida. Several law enforcement officers were stationed in the room adjoining that in which Officer Stewart and Savoie were meeting.
Officer Stewart testified that, when he gave Savoie the simulated evidence, Savoie in turn gave him fifty $100 bills and that Savoie placed the simulated evidence in an attache case, which he locked, and left the room with the case. A short distance outside the room, Savoie was placed under arrest by one of the accompanying police officers; Savoie was carrying the attache case at the time of his arrest. The officer searched Savoie, handcuffed him, and took control of the attache case. During the search, the officer found the key to the attache case and immediately opened the case at the scene of the arrest. The search was conducted without a warrant and without Savoie's consent.
Savoie did not file a pre-trial motion to suppress the contents of the attache case, and the trial commenced on May 19, 1980. On May 20, during the testimony of the officer who made the arrest, the prosecution attempted to have him identify the contents of the attache case. Savoie's counsel objected, asserting that Savoie's constitutional rights had been violated. The trial judge excused the jury and heard the testimony of the officer as to the circumstances of the arrest and preliminary legal argument by counsel as to the validity of the search and seizure. A recess was then taken so that counsel and the court could research and examine relevant cases. It was only after the trial court had heard all the testimony from the arresting officer and full argument by both counsel on the merits of the motion to suppress that the state objected to the motion because it was not timely filed. The state asserted that Savoie had waived the right to make the motion to suppress by failing to make the motion before trial, as required by rule 3.190(h)(4). During the discussion which ensued on the *311 waiver issue, the trial judge expressed concern that the state could not immediately appeal an adverse ruling on the motion as it could have done had a pre-trial motion to suppress been granted. Counsel for Savoie contested the waiver claim by contending that the discovery information furnished by the state did not adequately disclose that the contents of the attache case were to be submitted as evidence.
The trial judge, in ruling on the motion, stated: "On the merits ... I am going to deny the Motion to Suppress." The trial judge ruled alternatively, stating, "I think it has been waived." With regard to the motion's merits, the trial judge expressly relied on United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), in finding that the search in this case was reasonable because it was made incident to a valid arrest and was not rendered invalid by the fact that the police did not believe that Savoie had access to a weapon in the attache case or was about to destroy evidence which might be contained in the case.
The district court affirmed the trial court's denial of the motion on the basis of waiver, reasoning that:
Because Savoie failed to move to suppress prior to the trial as required by the Rule when he was aware of the grounds for the motion and had ample opportunity to make the motion, we hold that he failed to preserve for appeal any error in the admission of the evidence.
Savoie, 401 So.2d at 1139. It did not address the trial court's ruling on the merits.

Waiver under Rule 3.190
The first issue we must address is whether Savoie's failure to make a pre-trial motion resulted in an absolute waiver of his right to contest the validity of the search and seizure of the contents of his attache case and the admission of these contents into evidence. The state contends that petitioner is not entitled to a hearing on the merits of the motion to suppress and that a waiver is the only appropriate sanction for enforcing the provisions of rule 3.190(h)(4).
Rule 3.190(h) concerns motions to suppress evidence obtained in an unlawful search and seizure. The relevant portions of the rule read as follows:
(2) Contents of Motion. Every motion to suppress evidence shall clearly state the particular evidence sought to be suppressed, the reasons for suppression and a general statement of the facts on which the motion is based.
(3) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting his position and the State may offer rebuttal evidence.
(4) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.

(Emphasis added.) This rule is designed to promote the orderly process of trial by avoiding the problems and delay caused when the trial judge must interrupt trial, remove the jury from the courtroom, and hear argument on a motion to suppress that could easily have been disposed of before trial. Davis v. State, 226 So.2d 257 (Fla. 2d DCA 1969). Also, when the rule is complied with, the state is afforded an opportunity to appeal the ruling of a trial judge in the event the evidence is suppressed; when the judge rules at trial to suppress evidence, the state is foreclosed from appealing that decision. See Fla.R.App.P. 9.140(c)(1)(B).
Rule 3.190(h)(4) does not, however, require that all motions to suppress be heard before trial. Rather, the rule expressly grants the trial judge discretionary authority to entertain either a motion to suppress or an objection to the introduction of certain evidence made during the course of the trial. This discretionary authority is necessary in order to avoid the sixth amendment ramifications which might result from the application of an absolute waiver rule *312 against a defendant whose counsel failed to comply with the requirements of rule 3.190(h). Likewise, the rule does not affect the inherent power of the trial court to reconsider, while the court has jurisdiction of the case and upon appropriate motion or objection by either counsel, a ruling previously made on a motion to suppress.
We find that in the instant case the trial judge exercised his discretion to entertain the motion to suppress made during trial. He heard the proffer of testimony and the arguments of counsel on the validity of the search and seizure, and he ruled on the merits of the motion. In our opinion, the issue of waiver became moot because the hearing was held and a ruling made on the motion's merits. We fully agree with the statement in Davis that, if the judge
decides to entertain this motion it is then his decision that results in interruption of the trial, and once the trial has been interrupted the reason for the old rule vanishes, whether the judge subsequently grants or denies the motion... . [W]hen the trial judge proceeds to exercise his discretion to entertain the motion he has, in a sense, rejected defendant's waiver of his right to contest this issue.
226 So.2d at 259.
In exercising the discretionary authority granted by the rule to decide whether to hear a motion to suppress made during the course of a trial, the judge must balance the rights of the defendant to due process and effective assistance of counsel with the rights of the state to have an opportunity to appeal an adverse ruling on the motion to suppress.[1] However, once the decision is made to hear the motion on the merits, we find the issue of waiver is no longer before the court. We conclude, therefore, that, in the circumstances of this case, once the trial judge interrupted the trial and conducted a hearing on the merits of the motion to suppress, waiver was no longer a proper ground for denying the motion.

Jurisdiction of this Court to Consider the Merits of the Motion to Suppress

We agree with the acknowledgment in the district court's opinion that its decision conflicts on the waiver issue with Davis and T.C. v. State, 336 So.2d 17 (Fla. 3d DCA 1976). We have jurisdiction, and, once this Court has jurisdiction of a cause, it has jurisdiction to consider all issues appropriately raised in the appellate process, as though the case had originally come to this Court on appeal. This authority to consider issues other than those upon which jurisdiction is based is discretionary with this Court and should be exercised only when these other issues have been properly briefed and argued and are dispositive of the case. In Zirin v. Charles Pfizer & Co., 128 So.2d 594, 596 (Fla. 1961), Justice Drew explained the reasons why, once it has jurisdiction, this Court should exercise its discretion and dispose of the entire cause when the issues are properly before it.
Needless steps in litigation should be avoided wherever possible and courts should always bear in mind the almost universal command of constitutions that justice should be administered without "sale, denial or delay." Piecemeal determination of a cause by our appellate court should be avoided and when a case is properly lodged here there is no reason why it should not then be terminated here... . "[m]oreover, the efficient and speedy administration of justice is ... promoted" by doing so.
We have concluded that, based upon these principles, we can appropriately address the correctness of the trial judge's denial of the motion to suppress on its merits. Both parties have fully briefed and argued the issue before this Court, and our action in resolving this question will avoid a piecemeal determination of the case.

The Merits of the Motion to Suppress
At the outset it should be noted that Savoie concedes the validity of his custodial *313 arrest. The question to be determined is whether the search of the contents of the attache case Savoie was carrying at the time of his arrest was a reasonable search incident to a lawful arrest.
A search incident to a lawful arrest is a well-established exception to the requirement of a search warrant.[2] Petitioner contends that the search of the attache case was not within the proper scope of a search incident to a lawful arrest. Petitioner theorizes that, because the attache case was beyond his control at the time of the search, its contents were not a threat to the arresting officers nor was there any possibility that petitioner could destroy the evidence contained within the case. As a result, petitioner argues, the search was no longer a search incident to a lawful arrest under the reasoning in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
We disagree. In United States v. Chadwick, 433 U.S. 1, 14, 97 S.Ct. 2476, 2485, 53 L.Ed.2d 538 (1977), the United States Supreme Court stated that searches incident to a lawful custodial arrest may be conducted "whether or not there is probable cause to believe that the person arrested may have a weapon or is about to destroy evidence." We find that the recent decision of the United States Supreme Court in New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), clearly controls our disposition of this case. In Belton, the majority upheld, as a valid search incident to a lawful arrest, the search of a closed zipper-pocket in the defendant's jacket, which was seized from inside the passenger compartment of defendant's automobile. The search occurred after the defendant had been arrested and while he was being held by police outside his vehicle. The majority opinion states:
[W]e hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach.
Id. at 460, 101 S.Ct. at 2864 (footnotes omitted). The majority emphasized that "[a] custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification." Id. at 461, 101 S.Ct. at 2864 (quoting from United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 476, 38 L.Ed.2d 427 (1973) (emphasis added)). It is clear from the dissenting opinions in Belton by Justices Brennan and White that the majority in Belton rejected the theory advanced by petitioner in this case that the actual ability of one placed under custodial arrest to reach a weapon or destroy evidence is the determinative consideration in deciding whether a search incident to an arrest is valid.
Petitioner would have us hold that a container carried by a person at the time of his arrest could not be searched after it was seized. This interpretation is illogical and unreasonable in light of the decision in Belton that a container left inside a car at the time of an arrest can validly be searched without a warrant as part of a search incident to a lawful arrest. In our *314 view, the law is now clear that when there is a lawful arrest it is a reasonable intrusion incident to that arrest to search both the person and any container that person is carrying. See also United States v. Brown, 671 F.2d 585 (D.C. Cir.1982). We, therefore, conclude that the trial judge was correct in denying the motion to suppress the contents of Savoie's attache case.
For the reasons expressed, the judgment and sentence, as affirmed by the district court, are approved, but the reasoning contained in the district court's opinion, based as it is upon a waiver theory, is disapproved.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] The state could retain the right to appeal if the defendant consented, prior to the hearing on the motion, to a mistrial in the event the trial court suppresses the evidence.
[2] The basic exceptions to the warrant requirement include: (1) a search incident to a lawful arrest, see Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); (2) a search conducted when contraband is in plain or open view, see Ensor v. State, 403 So.2d 349 (Fla. 1981); (3) a search under the "automobile exception," see United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); (4) an inventory search incident to a proper impoundment, see Miller v. State, 403 So.2d 1307 (1981); (5) a "stop and frisk" search, see Ybarra v. Illinois, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).