DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

**MACKENDY CLEDENORD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1566

[ May 23, 2018 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502013CF011521A.

Antony P. Ryan, Regional Counsel, and Richard G. Bartmon, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Mackendy Cledenord appeals his convictions and sentences for lewd or lascivious molestation, sexual battery on a person younger than 12, and lewd or lascivious conduct. Appellant argues that the trial court abused its discretion in denying his cause challenges to two prospective jurors. We disagree and affirm without comment on this issue. Appellant also argues that the trial court abused its discretion in summarily denying his pre-trial motion for reconsideration of the trial court's suppression ruling. We affirm on this issue as well but write to explain that, although the trial court applied an incorrect legal standard in ruling on the motion for reconsideration, we find that the error was harmless.

The following facts are relevant to this opinion. Soon after appellant's arrest, he gave a videotaped statement to police in which he admitted touching the victim's thighs and chest but denied touching her vagina. Appellant moved to suppress his statement.

At the suppression hearing, evidence showed that officers were dispatched to the victim's home shortly after 3:00 a.m. on the date of the incident. The scene was chaotic and emotional, with people talking loudly back and forth.

The officers made contact with the victim's aunt, who did not testify at the suppression hearing. The victim's aunt told the officers that she had thrown a party at her home earlier that evening. After she went to sleep that night, she was awakened to the sound of the victim screaming. When she went to the living room to investigate, she saw a man get up from the area next to the victim, go out to the patio, and take off running. The victim told her aunt and the police that the man had inserted his finger into her vagina.

Witnesses at the scene described the man as a twenty-something black male who had dreadlocks and was wearing a red shirt. The victim's aunt told the police that the man had been at the party earlier that evening. According to the officers' testimony, the victim's aunt and other witnesses said that the man lived next door.

The officers gave conflicting testimony about whether the victim's aunt knew the man's name. Sergeant Scott testified that the victim's aunt did not know the man's name. By contrast, Officer Laurent testified that the victim's aunt identified appellant by name as the man she observed on the patio. Officer Laurent repeatedly testified that the victim's aunt referred to the man as "Mackendy."

The police went next door and knocked on the door. A resident, Mr. Valliere, answered the door and gave the police permission to search for the suspect. Officers entered the home and saw appellant sleeping on the couch. Appellant matched the description of the suspect, as he was black, appeared to be in his mid-twenties, was wearing a red shirt, and had a dreadlock hairstyle. Officers woke appellant up and had him identify himself. Officers handcuffed appellant and took him outside for a show-up identification. The victim's aunt identified appellant as the person she saw inside her house. Appellant was then placed in a patrol car and taken to the police station.

Relevant to this appeal, defense counsel argued that appellant's statement was the product of an illegal arrest inside his residence without probable cause. Additionally, relying on the testimony of a resident of appellant's home, defense counsel argued that the police did not have consent to enter the home.

The trial court denied the motion to suppress, finding that appellant's arrest was lawful. Specifically, the trial court found that: (1) there were exigent circumstances justifying the entry into appellant's home; (2) Mr. Valliere, who had both actual and apparent authority over the common areas of appellant's home, freely and voluntarily gave consent for the officers to enter the home; and (3) the officers had probable cause to detain and arrest appellant "based on the critical one fact, which is this, that the person, that the culprit lives next door, his name is Mackendy, testified to by Laurent and Laurent identifies the defendant on the couch as the same person."

In finding probable cause to arrest appellant, the trial court also emphasized that appellant's age, red shirt, race, and dreads matched the description of the suspect. As a "backup finding," the trial court found that even if the officers did not have probable cause to arrest appellant when they found him in the house, the police acted reasonably in detaining appellant for the purpose of bringing him outside the home for an immediate show-up identification. The trial court concluded that this reasonable detention was elevated into an arrest supported by probable cause when the victim's aunt "immediately identified [appellant] as the person who committed the crime."

About ten months before trial, appellant filed a motion for reconsideration[1] of the trial court's suppression ruling, arguing that newly discovered evidence required the trial court to conduct a new suppression hearing in the interests of justice. Appellant asserted that, after the suppression hearing, the victim's aunt gave deposition testimony directly contradicting the police testimony upon which the trial court's factual and legal rulings relied. Attached to appellant's motion was the aunt's deposition, wherein she testified in relevant part:

- The man she saw on the patio was at the party earlier that night.

- She told the police what the man looked like.

- She did not know the man's name and did not tell police that the man's name was Mackendy.

- She did not know where the man lived and did not tell the police that he lived next door.

---

[1] The motion was incorrectly designated below as a "motion for rehearing," but in substance was a motion for reconsideration.

• Her brother might have told the police that the man lived next door, but she did not remember anybody telling the police that the man lived next door.

The trial court denied appellant's motion for reconsideration in open court. Applying the "newly discovered evidence" standard used in post-conviction cases, the trial court found that appellant was required to make a showing that the evidence could not have been uncovered through the exercise of due diligence, and noted that there was no allegation in the motion that the witness was unavailable or unknown to appellant. Defense counsel responded that the witness had been in Haiti and that he did not have an address for her there. However, the trial court was unpersuaded by defense counsel's argument and entered a written order denying the motion for reconsideration.

At trial, appellant's statement was introduced into evidence. The jury found him guilty of all charges.

On appeal, appellant argues that the trial court abused its discretion in summarily denying his pre-trial request for the trial court to reconsider its ruling on the motion to suppress, where defense counsel learned of new facts that brought the suppression ruling into question.

A trial court has the inherent power "to reconsider, while the court has jurisdiction of the case and upon appropriate motion or objection by either counsel, a ruling previously made on a motion to suppress." *Savoie v. State*, 422 So. 2d 308, 312 (Fla. 1982). A trial court's decision whether to reconsider a motion to suppress is reviewed for an abuse of discretion. *Shermer v. State*, 16 So. 3d 261, 265 (Fla. 4th DCA 2009).

In the context of post-conviction cases, a defendant seeking relief on the basis of newly discovered evidence must show: (1) the evidence must not have been known by the trial court, the party, or counsel at the time of trial, and it must appear that the defense could not have known of it by the use of diligence; and (2) the evidence must be of such nature that it would probably produce an acquittal on retrial. *Jones v. State*, 709 So. 2d 512, 521 (Fla. 1998).

In the context of motions to suppress raised for the first time at trial, however, a trial court should apply a balancing test in deciding whether to exercise its discretionary authority under Florida Rule of Criminal Procedure 3.190(h) to entertain a motion to suppress during trial. *See Savoie*, 422 So. 2d at 311. In deciding whether to consider "a motion to

4

suppress made during the course of a trial, the judge must balance the rights of the defendant to due process and effective assistance of counsel with the rights of the state to have an opportunity to appeal an adverse ruling on the motion to suppress." *Id.* at 312.

Here, we find that the trial court should not have applied the post-conviction standard for newly discovered evidence in ruling on appellant's request for reconsideration of the trial court's suppression ruling. The post-conviction standard is too restrictive in the pre-trial context, as it is inconsistent with a trial court's broad discretion to reconsider a prior interlocutory ruling on a motion to suppress. The due diligence prong of the post-conviction standard serves the policy of finality, but that policy has little importance before trial. Where reconsideration of a ruling on a motion to suppress in advance of trial would not deprive the state of an opportunity to appeal an adverse ruling, the rights of a defendant to due process and effective assistance of counsel should outweigh any need for finality with respect to an interlocutory suppression ruling. *Cf. Savoie*, 422 So. 2d at 312.

Accordingly, in deciding whether to grant a pre-trial request to reconsider a prior ruling on a motion to suppress on the basis of newly discovered evidence, a trial court should evaluate the nature of the new evidence and whether it would have impacted the prior suppression ruling. A party's lack of due diligence in discovering the new evidence is not a sufficient basis for denying a pre-trial motion for reconsideration of a prior ruling on a motion to suppress.

Nonetheless, although we find that the trial court incorrectly applied the post-conviction standard for newly discovered evidence in ruling on appellant's request for reconsideration of the suppression order, we find that any error was harmless. *See State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986).

In this case, there is no reasonable possibility that the newly discovered evidence would have affected the trial court's suppression ruling. The victim's aunt testified in her deposition that she did not know the name of the man on the patio, did not tell the police the man's name, and did not tell the police that the man lived next door. Although this testimony contradicted the officers' testimony in certain respects, it would not have affected the outcome of the suppression hearing.

The evidence at the suppression hearing showed that there were other witnesses at the scene, besides the victim's aunt, who said that the suspect lived next door. Indeed, it is obvious that *someone* told the police

where the suspect lived, even if the officers were mistaken as to whether the victim's aunt gave them this information. Moreover, even if the victim's aunt did not personally tell the police appellant's name or that he lived next door, it is undisputed that she gave police a description of the suspect. Additionally, the victim's aunt's deposition does not call into question the trial court's finding that the police had consent to enter the home next door.

Although the trial court did rely on Officer Laurent's testimony that the victim's aunt told the police the suspect's name, this fact was not crucial to the probable cause determination. When the police found appellant on the couch and saw that he matched the detailed description of the suspect, the police had reasonable suspicion to briefly detain appellant to determine whether the victim's aunt could identify him. The aunt's positive identification of appellant then provided the police with probable cause for his formal arrest. The officers would have had probable cause to arrest appellant regardless of whether the aunt told the police appellant's name or where he lived.

In sum, although the trial court applied an incorrect legal standard in ruling on the motion for reconsideration, we find that the error was harmless. Even under the standard that we announce today, appellant would not have been entitled to reconsideration of the suppression ruling.

*Affirmed.*

WARNER and GROSS, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***