# Supreme Court of Florida

_____

No. SC18-372
_____

**STATE OF FLORIDA,**
Petitioner,

vs.

**SHAWNEST ANGELO IVEY,**
Respondent.

December 5, 2019

CANADY, C.J.

In this case, we consider whether defense counsel's objection to the State's peremptory challenge of a juror was preserved for appeal. More particularly, we address whether the defense's objection to a peremptory strike was properly renewed before the jury was sworn.

We have for review the decision of the First District Court of Appeal in *Ivey v. State*, 42 Fla. L. Weekly D2004, 2017 WL 4018836 (Fla. 1st DCA Sept. 13, 2017), *reh'g denied*, 43 Fla. L. Weekly D413, 2018 WL 944653 (Fla. 1st DCA Feb. 20, 2018). The district court certified the following question to be of great public importance:

HAS A DEFENDANT WHO ACCEPTS A JURY, BUT RENEWED A PREVIOUSLY–RAISED OBJECTION TO A STATE PEREMPTORY CHALLENGE AFTER THE CHALLENGED JUROR HAS BEEN EXCUSED BUT BEFORE THE JURY IS SWORN, WAIVED THAT OBJECTION?

*Ivey*, 43 Fla. L. Weekly at D413. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const. The district court answered this question in the negative.

In framing the question as it did, the First District assumed that the objection to the peremptory strike was properly renewed based on the request for a nonspecific standing objection, even though the defense had previously accepted the jury without reservation. But we conclude that the dispositive issue here is whether the objection was renewed at all. This issue was raised below, *see Ivey*, 42 Fla. L. Weekly at D2004, and was adequately briefed. It is therefore appropriate for our review. *See Tillman v. State*, 471 So. 2d 32, 35 (Fla. 1985) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court . . . ."); *Savoie v. State*, 422 So. 2d 308, 312 (Fla. 1982) ("[O]nce this Court has jurisdiction of a cause, it has jurisdiction to consider . . . other issues [that] have been properly briefed and argued and are dispositive of the case."). In line with our analysis, we rephrase the certified question as follows:

DOES A REQUEST FOR A STANDING OBJECTION TO NONSPECIFIC THINGS PREVIOUSLY OBJECTED TO IN PRELIMINARY PROCEEDINGS RENEW A SPECIFIC OBJECTION TO A PEREMPTORY CHALLENGE WHEN THE

DEFENSE HAS PRIOR TO THAT REQUEST ACCEPTED THE
JURY WITHOUT RESERVATION?

We answer the rephrased question in the negative and quash the decision on review.

## I. BACKGROUND

Respondent, Shawnest Angelo Ivey, faced trial on charges of possession of XLR11 (also known as K2, spice, or synthetic marijuana) and possession of methamphetamine. "After the close of voir dire, but before" the jury was finalized, the State moved to peremptorily strike prospective juror number 46, Ms. Sherman. *Ivey*, 42 Fla. L. Weekly at D2004. Noting that Sherman was the only African-American member of the jury panel, defense counsel asked that the State be required to produce a race-neutral reason for the challenge.

The prosecutor explained "that she had made a joke about [Sherman] during a break in" the proceedings. *Id.* She had not realized that Sherman was still in the room. When she turned around, the prosecutor reported, Sherman gave her "a look" indicating that Sherman overheard the joke and was consequently biased against her. In response, defense counsel argued that the record contained no evidence of the encounter. Nonetheless, "[t]he trial court accepted the State's proffered reason for the strike as race-neutral and removed [Sherman] from further consideration." *Id.*

The trial court next read the names of the selected jurors and asked if the State and Ivey were "agreeable" to the jury as constituted. Defense counsel replied, "Yes, your honor." He explained that he had "gone over the entire panel" with Ivey, who "agrees and accepts this jury." The trial court then asked if the parties objected to excusing "any of the individual[s]" who had not been selected for the jury. Neither the State nor the defense raised an objection.

The next morning, before swearing the jury, the trial court initiated the following exchange:

> THE COURT: [L]ooking at my seating chart for jury selection yesterday, I had seated for juror number 46, Ms. Sherman, and just for record purposes, wanted to make sure she was not a cause, she was a peremptory challenge. And there was a challenge race neutral reason given, and she was excused based on the state using a peremptory challenge.
> With that, is there anything else we need to address this morning before we bring the jury in[?]
>
> [DEFENSE COUNSEL]: Your Honor, the only thing other than—everything you said is fine. What I would like to do, I've made a few objection [sic] in preliminary proceedings and objected to evidence and objected to different things. I would like to just make that as a continuing objection, so they don't come back and say we failed to object in the trial.
>
> THE COURT: I will just state for record purposed [sic], any ruling that has already been made by me, I recognize [defense counsel]'s continue [sic] objection, that has been the ruling that has been made by the Court.

The jury was then sworn, and the case proceeded to trial, in which Ivey was found guilty of both charges.

Ivey appealed his convictions to the First District, arguing that the trial court erred in allowing the peremptory challenge. *Id.* The First District "agree[d] and reverse[d]." *Id.* It found "that the trial judge's substantive ruling on the State's peremptory strike was . . . directly contrary to *Dorsey v. State*, 868 So. 2d 1192 (Fla. 2003)." *Ivey*, 42 Fla. L. Weekly at D2004. According to the First District, *Dorsey* held that a juror's nonverbal behavior must have been "observed by the trial court or otherwise ha[ve] record support" in order to constitute a race-neutral reason for a peremptory strike. *Id.* (quoting *Dorsey*, 868 So. 2d at 1199). Here, the First District concluded, " 'the look' was [not] observed by the trial judge" and was not supported by any fact in the record beyond "the prosecutor's say-so, which *Dorsey* says is inadequate." *Id.* Accordingly, the district court held that the State had failed to satisfy its burden of producing a race-neutral explanation. *See id.*

The First District next rejected the State's claim that "Ivey failed to renew his objection prior to the jury being sworn." *Id.* The district court concluded that defense counsel "sufficiently confirmed th[e] objection . . . in response to the trial judge's specific reference to the 'juror number 46' issue." *Id.* at D2005. According to the First District, "[n]o doubt exists that the trial court knew of and was apprised of the specifics of Ivey's objection prior to the swearing of the jury."

*Id.* The district court therefore concluded that the facts at hand were "far different from" those in *Joiner v. State*, 618 So. 2d 174 (Fla. 1993). *Ivey*, 42 Fla. L. Weekly at D2004. The First District recognized that in *Joiner* defense counsel accepted the jury immediately before it was sworn without mentioning his earlier objection. *Id.* (citing *Joiner*, 618 So. 2d at 176). Here, the district court decided that defense counsel renewed his objections just prior to the swearing of the jury. *Id.* Determining that "the State's [race-neutral] reason was insufficient on its face under *Dorsey*, and Ivey adequately preserved the issue," the First District "reverse[d] and remand[ed] for a new trial." *Id.*

Following the district court's ruling, the State moved for rehearing. *Ivey*, 43 Fla. L. Weekly at D413. The First District denied the motion but wrote to certify the question of great public importance set forth above. *Id.*

## II. ANALYSIS

The question of whether an objection to a peremptory strike has been properly renewed is a pure question of law that is subject to de novo review. In considering this question of law, we first outline the procedure for renewing an objection to a peremptory challenge before evaluating the purported renewal in this case.

## A. The *Joiner* Requirement

In *Joiner*, we set forth the framework for preserving a claim that a peremptory strike is racially motivated. There, the defendant argued that the State failed to provide an adequate race-neutral "reason for a peremptory challenge of an African-American juror." *Joiner*, 618 So. 2d at 175. On review, we agreed that "[t]he judge erroneously ruled that the reason given for the strike . . . was racially neutral." *Id.* But we held that the defendant failed to preserve the claim. *Id.* at 176. Although defense counsel initially objected to the State's peremptory challenge, *id.* at 175, we noted that he "affirmatively accepted the jury immediately prior to its being sworn without reservation of his earlier-made objection," *id.* at 176. And his acceptance of "the jury led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection." *Id.* We therefore held that the objection was waived. *Id.* Preserving the issue for review, we concluded, would have required the defendant to either "accept[] the jury subject to his earlier" objection or "renew[] his objection." *Id.* We recognized that "[s]uch action" was necessary to "apprise[] the trial judge that [the defendant] still believed reversible error had occurred." *Id.* "At that point the trial judge could have

exercised discretion to either recall the challenged juror for service on the panel, strike the entire panel and begin anew, or stand by the earlier ruling." *Id.*

It is a basic principle of our law that an objection must be specific to be preserved for review. Though "no magic words" are required, *Murray v. State*, 3 So. 3d 1108, 1117 (Fla. 2009), the objection must have been "sufficiently precise that it fairly apprised the trial court of the relief sought and the grounds therefor," § 924.051(1)(b), Fla. Stat. (2015). "The purpose of this rule," like the purpose of the *Joiner* requirement, "is to 'place[] the trial judge on notice that error may have been committed, and provide[] him an opportunity to correct it at an early stage of the proceedings.' " *Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005) (alterations in original) (quoting *Castor v. State*, 365 So. 2d 701, 703 (Fla. 1978)).

## B. This Case

A review of the record establishes that the objection here was not properly renewed and thus not preserved. Although Ivey's counsel first objected to the State's peremptory challenge, he later unequivocally accepted the jury panel that excluded Sherman. He did not mention the prior objection or otherwise indicate that he "still believed reversible error had occurred." *Joiner*, 618 So. 2d at 176. His "action in accepting the jury" in this manner "led to a reasonable assumption that he had abandoned, for whatever reason, his earlier objection." *Id.*; *see also*

*Ivey*, 42 Fla. L. Weekly at D2005-06 (Winsor, J., concurring in part and dissenting in part).

Ivey's counsel similarly declined to address the issue at an additional opportunity provided by the trial court. When the court asked if he objected to excusing any members of the venire who had not been selected for the jury, defense counsel said that he did not. His failure to object to Sherman's dismissal gave the trial court further reason to think he no longer disputed her removal from the jury.

Ivey argues, however, that the trial court did not have cause to believe the issue was abandoned. He makes two points in support of his claim. Neither point withstands analysis.

First, Ivey argues that his acceptance of the jury should not be understood as manifesting his abandonment of the objection. Because he had no remaining peremptory challenges, Ivey contends that he had only two options when the trial judge asked if he was "agreeable that this [was] [the] jury" in his case: accept the jury or challenge a juror for cause. Therefore, Ivey insists, his acceptance of the jury only indicated that he chose not to exercise a challenge for cause. It did not signify that he no longer wished to pursue the initial objection.

In making this argument, Ivey overlooks the obvious point that he had a third option—that is, he could have accepted the jury "subject to his earlier . . .

objection." *Joiner*, 618 So. 2d at 176. Doing so would have preserved the issue for review. *See id.*; *Denis v. State*, 137 So. 3d 583, 585 (Fla. 4th DCA 2014) ("[D]efense counsel preserved her objection to the state's peremptory challenge before the jury was sworn in by accepting the jury 'subject to prior objections.' ").

Ivey next asserts that nothing occurring between his initial objection and the swearing of the jury would lead to the conclusion that he intentionally abandoned the objection. Ivey points out that in *Joiner*, jury selection continued after defense counsel objected to the State's peremptory strike. *Joiner*, 618 So. 2d at 175. Therefore, Ivey posits, the trial court could have believed that counsel chose not to pursue the objection because he was content with the jury's final composition. *Id.* at 176. Here, given that Sherman was the last juror to be removed, the makeup of the jury did not change before it was sworn. According to Ivey, the trial court therefore did not have any basis for concluding that the objection was purposely abandoned.

We conclude that Ivey's reliance on *Joiner* is misplaced. In *Joiner*, we did observe that it was "reasonable to conclude that events occurring subsequent to" defense counsel's "objection caused him to be satisfied with the jury." *Joiner*, 618 So. 2d at 176. But we held that it was his action in "affirmatively accept[ing] the jury . . . without reservation of his earlier-made objection" that gave the trial court cause to believe the objection had been abandoned. *Id.* Here, counsel accepted the

- 10 -

jury without mention of the earlier objection, indicating without reservation that he and his client were satisfied with the composition of the jury. This alone provided the trial court with reason to believe that the objection had been abandoned.

Therefore, because the trial court had grounds to reasonably conclude that Ivey no longer intended to pursue the objection, the only potential path to preservation would be through counsel's renewal of the objection during his discussion with the court on the morning of trial. We hold that what counsel said in that discussion did not do the trick: his statement to the trial judge lacked the requisite specificity. *Murray*, 3 So. 3d at 1117 ("[T]o make a proper objection, the articulated concern must be 'sufficiently specific to inform the court of the perceived error.' " (quoting *State v. Stephenson*, 973 So. 2d 1259, 1262 (Fla. 5th DCA 2008))). If counsel wished to renew an objection that the trial court had reason—indeed, undeniably clear reason—to believe he had previously abandoned, Ivey's counsel needed to make that fact clear. Yet counsel only stated that he would like to make a "continuing objection" to "evidence" and "different things" he had objected to "in preliminary proceedings." "Up to the point of his general objection, Ivey had argued an unsuccessful motion in limine, an unsuccessful motion to dismiss, and an unsuccessful motion to suppress (which included an evidentiary hearing with contested evidentiary rulings)." *Ivey*, 42 Fla. L. Weekly at D2005 (Winsor, J., concurring in part and dissenting in part). Given this

- 11 -

context, the trial court would have had no reason to believe that the "continuing objection" encompassed the abandoned objection regarding the peremptory strike. Counsel's statement gives not the slightest hint that he had the objection to the peremptory strike in view. In the absence of any specific indication that counsel was referring to the objection to the peremptory challenge, the trial court could have had no idea that counsel sought to resurrect the abandoned objection to the strike.

In its opinion below, the First District found it significant that defense counsel requested a standing objection "in response to the trial judge's specific reference to" prospective juror Sherman. *Ivey*, 42 Fla. L. Weekly at D2005. But the district court's analysis ignores the full context of the language used in counsel's reply. Ivey's counsel noted that what the trial judge said about Sherman was "fine," without mention of any present objection. Counsel then stated that he would like to discuss something "other than" what the judge had just mentioned. Finally, defense counsel explained that he sought recognition of a continuing objection so the State could not "come back and say [he] failed to object in the trial"—but the court's ruling on the peremptory challenge could not reasonably be expected to be relevant at trial. Thus, despite the court's mention of Sherman, the phrasing of counsel's subsequent mention of a continuing objection can only be understood as referring to a separate issue.

- 12 -

Ivey also relies on language used by the trial court, arguing that the judge recognized his continuing objection to "any ruling" the court had made. Ivey argues that "any ruling" necessarily encompasses all of the court's rulings, including its determination that the State produced a race-neutral reason for the peremptory strike. Once again, Ivey's interpretation is flawed because it reads the trial court's statement in isolation. Immediately after the trial court mentioned the peremptory challenge, defense counsel stated, "Everything you said is fine." In his discussion with the court, defense counsel only requested a continuing objection to other rulings he had previously challenged in preliminary proceedings. When the trial court's reply is understood in context, it is clear the court was recognizing a standing objection to "any ruling" that was in the scope of counsel's standing objection, a standing objection that expressly pertained to matters other than the peremptory challenge.

### III. CONCLUSION

Because defense counsel's request for a continuing objection lacked the necessary specificity, we conclude that he failed to resurrect his objection to the State's peremptory challenge. We thus answer the rephrased question in the negative and quash the decision on review.

It is so ordered.

POLSTON, LABARGA, LAWSON, LAGOA, and MUÑIZ, JJ., concur.
LAWSON, J., concurs specially with an opinion, in which LAGOA, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LAWSON, J., concurring specially.

I fully agree with the majority's legal analysis, which properly addresses two legal issues as framed by the parties and argued on appeal. With respect to the second issue—that Ivey's objection was preserved through renewal—my concern with the issue as framed by the State is its implicit assumption that an objection can be renewed after being abandoned. Although an objection may be renewed anytime "before the jury is sworn," *Carratelli v. State*, 961 So. 2d 312, 318 (Fla. 2007), I question whether an abandoned objection should be any more capable of "renewal" than an objection never made.

In many trials, the jury will be sworn immediately after jury selection. In those cases, any renewal must occur or be abandoned at that juncture, either expressly or by inaction (silence), irrespective of whether the trial judge affirmatively asks the parties whether the jury, as seated, is acceptable. In some cases, however, the jury selection process will end, the panel will be dismissed, and the jury will be brought back on a later day to begin the trial, with the judge waiting until the jury returns to administer the oath to selected jurors. If the judge simply ends the day without inquiring as to the acceptability of the jury, the opportunity to renew would continue until the jury is sworn in. However, if the trial judge affirmatively inquires of the parties as to the acceptability of the jury

- 14 -

before releasing the panel, that would be the time when counsel would need to renew or abandon the objection. If the objection is renewed, no further renewal would be necessary. If the objection is affirmatively abandoned, as was done here, the issue is not preserved for appellate review. *See Joiner v. State*, 618 So. 2d 174, 176 (Fla. 1993) (preserving this issue for review requires counsel to either "accept[] the jury subject to his earlier" objection or "renew[] his objection"). Once the objection is affirmatively abandoned, there is nothing left to "renew." Additionally, it would be contrary to the orderly administration of justice to allow a party to abandon an objection in response to a trial judge's affirmative inquiry, made when the judge is positioned to effectively remedy any error, and then permit resurrection of the abandoned objection one or more days later when no efficient remedy is available (because the panel has been released). *See Harrell v. State*, 894 So. 2d 935, 940 (Fla. 2005); *Wicks v. Publix Super Markets, Inc.*, 908 So. 2d 1190, 1192 (Fla. 2d DCA 2005) (Casanueva, J., concurring); *cf.* Philip J. Padovano, *Florida Appellate Practice* § 8:3 (2018 ed.) ("[A]n objection made during the trial is not governed by a set time limit[,] but it must be made in sufficient time to allow the trial judge an opportunity to take the necessary corrective action.").

LAGOA, J., concurs.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions/Certified Great Public Importance

First District - Case No. 1D15-5803

(Jackson County)

Ashley Moody, Attorney General, and Trisha Meggs Pate, Bureau Chief, and Virginia Harris, Assistant Attorney General, Tallahassee, Florida,

for Petitioner

Andy Thomas, Public Defender, and Jennifer LaVia, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

for Respondent