# Supreme Court of Florida

_____

No. SC20-1083
_____

**WILEME BAPTISTE,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

August 26, 2021

LAWSON, J.

We accepted review of the Third District Court of Appeal's decision in _Baptiste v. State_, 306 So. 3d 306 (Fla. 3d DCA 2020), because it expressly and directly conflicts with the Fourth District Court of Appeal's decision in _Rubi v. State_, 952 So. 2d 630 (Fla. 4th DCA 2007), on the same question of law. _See_ art. V, § 3(b)(3), Fla. Const. The conflict turns on whether a jury charge, requested by defense counsel but argued on appeal to be coercive, is reviewable for fundamental error. For the reasons below, we agree with the

Third District's conclusion in *Baptiste* that the invited error precludes review and disapprove the Fourth District's holding to the contrary in *Rubi*.

## BACKGROUND

Petitioner Wileme Baptiste shot three victims and was subsequently charged with one count of second-degree murder, two counts of attempted second-degree murder, and one count of unlawful possession of a firearm by a minor. *Baptiste*, 306 So. 3d at 307. Baptiste was ultimately convicted of the "lesser included offenses of manslaughter with a deadly weapon, two counts of attempted manslaughter, and unlawful possession of a firearm by a minor." *Id.*

Baptiste appealed to the Third District, arguing that "the jury's verdict was coerced by the trial court's issuance of a second, modified *Allen*[1] charge." *Baptiste*, 306 So. 3d at 308. The Third District explained the relevant portions of the trial and highlighted

---

1. *Allen v. United States*, 164 U.S. 492 (1896). An *Allen* charge is "an instruction that is given when it appears that the jury is having difficulty reaching a verdict." *Blanding v. State*, 298 So. 3d 712, 714 (Fla. 1st DCA 2020).

the fact that Baptiste's counsel requested the jury charge that

Baptiste challenged on appeal:

> [H]aving already given an *Allen* charge, and upon being informed that a unanimous verdict had been reached, the court had the clerk read the verdict and poll the jury. One of the jurors, however, denied agreeing with the verdict. After the jury left the courtroom, the court took a recess so that defense counsel could confer with Baptiste. *Thereafter, the defense requested that the jury be sent a note instructing them to continue deliberating, along with the jury instructions and a new verdict form.* The court stressed to the parties that because it had already given an *Allen* charge, it did not intend for the jury to continue to deliberate. The court explained that writing a note with such an instruction might give rise to misinterpretation. Rather, the court advised the parties that it would instruct the jury solely to memorialize on a new form what their verdict was, if they had one. *Defense counsel replied, "that's fine." The court again asked counsel if the parties were in agreement, and both responded affirmatively.* Thereafter, the court instructed the jury in open court that it was giving them a new set of verdict forms and asking them to go back to fill them out. The court advised the jury: "If you have a unanimous verdict, please fill out the verdict accordingly. If you do not have a unanimous verdict . . . we'll bring you back out here." The jury then returned a unanimous verdict for the lesser included offenses of the primary charges, and the firearm count as charged.

*Id.* at 308 (emphases added) (footnote omitted).

Although the Third District agreed with Baptiste that the

charge was coercive, it held that Baptiste was not entitled to relief,

explaining:

> Baptiste failed to move for mistrial after the non-unanimous jury poll, or object to the subsequent, modified *Allen* charge . . . . Even if we were to consider this error to be fundamental, Baptiste waived it by agreeing to the modified charge. Because Baptiste cannot invite error and then seek to take advantage of it on appeal, we affirm.

*Id.* at 309 (citations omitted).

Similarly, in *Rubi*, defense counsel suggested the jury charge that the defendant challenged as coercive on appeal. 952 So. 2d at 632-33. There, however, "[e]ven though defense counsel agreed with the charge," the Fourth District reversed the defendant's conviction based on its conclusion that the coercive charge was "fundamental error, and per se reversible." *Id.* at 635 (quoting *Scoggins v. State*, 691 So. 2d 1185, 1189 (Fla. 4th DCA 1997), *approved*, 726 So. 2d 762 (Fla. 1999)).

We granted review to resolve the conflict between *Baptiste* and *Rubi*. *See* art. V, § 3(b)(3), Fla. Const.

## ANALYSIS

To resolve the conflict, we must decide whether a jury charge requested by defense counsel is reviewable for fundamental error when the defendant challenges the charge as coercive on appeal. We review this legal question de novo, *see Daniels v. State*, 121 So.

3d 409, 413 (Fla. 2013), and agree with the Third District that the invited error precludes fundamental error review.

Generally, an alleged error is not reviewable on direct appeal unless the record reflects that trial counsel preserved the issue by lodging a valid, contemporaneous objection and securing an adverse ruling from the trial court. *Walls v. State*, 926 So. 2d 1156, 1180 (Fla. 2006) (citing *State v. Delva*, 575 So .2d 643, 644 (Fla. 1991)). Although unpreserved issues generally may be reviewed for fundamental error, "[f]undamental error is waived where defense counsel requests an erroneous instruction . . . [or] defense counsel affirmatively agrees to an improper instruction." *Universal Ins. Co. of N. Am. v. Warfel*, 82 So. 3d 47, 65 (Fla. 2012).

More specifically, this Court has explained that:

[I]nvited error occurs when a party either proposes (i.e., requests) an instruction and therefore cannot argue against its correctness on appeal, or when a party is aware a standard instruction or an instruction proposed by another party is incorrect but agrees to its use anyway and as a result of having affirmatively agreed to the instruction cannot argue against its correctness on appeal.

*Allen v. State*, 46 Fla. L. Weekly S158, S164 n.4 (Fla. June 3, 2021). In contrast, merely "acquiescing to an incorrect instruction

- 5 -

constitutes a failure of preservation that does not preclude fundamental-error review." *Id.* at S163 n.4.

Here, rather than merely acquiescing to the trial court's jury charge, Baptiste's counsel agreed to the jury charge as an alternative to his own proposed charge, which was arguably even more coercive because it would have instructed the jury to continue deliberations. *Baptiste*, 306 So. 3d at 308. Baptiste's counsel thereby invited the alleged error, precluding fundamental error review on direct appeal. *See Warfel*, 82 So. 3d at 65; *Allen*, 46 Fla. L. Weekly at S161-62. Accordingly, the Third District correctly affirmed Baptiste's convictions.

In contrast, in *Rubi*, after holding that defense counsel invited a coercive jury charge, the Fourth District was wrong to grant relief on the basis that the charge was "fundamental error, and per se reversible." *Rubi*, 952 So. 2d at 635 (quoting *Scoggins*, 691 So. 2d at 1189). Rather, the Fourth District should have held that the invited error precluded fundamental error review. *See Warfel*, 82 So. 3d at 65; *Allen*, 46 Fla. L. Weekly at S161-62.[2]

---

2. The Fourth District's decision in *Rubi* also wrongly conflates fundamental error, which applies when an issue is not

Finally, Baptiste urges us to hold that the "waiver of the right to an uncoerced verdict must be made personally by the defendant and cannot be made by defense counsel." However, he did not raise this argument before the Third District, and it is not the conflict issue on which our jurisdiction is based. Accordingly, we do not decide it. *See Savoie v. State*, 422 So. 2d 308, 312 (Fla. 1982) (explaining that this Court's "authority to consider issues other than those upon which jurisdiction is based is discretionary with this Court and should be exercised only when these other issues have been properly briefed and argued").

## CONCLUSION

A jury charge, requested by defense counsel but argued on appeal to be coercive, is not reviewable for fundamental error because any error in the charge was invited. *See Warfel*, 82 So. 3d at 65; *Allen*, 46 Fla. L. Weekly at S161-62. Accordingly, we approve the Third District's decision in *Baptiste* to the extent that it is

---

preserved, and per se reversible error, which requires preservation. *See Johnson v. State*, 53 So. 3d 1003, 1007 & n.5 (Fla. 2010).

- 7 -

consistent with this opinion and disapprove the Fourth District's decision in *Rubi.*

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Third District - Case No. 3D18-2403

(Miami-Dade County)

Carlos J. Martinez, Public Defender, Maria E. Lauredo, Chief Assistant Public Defender, and Shannon Hemmendinger, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida,

for Petitioner

Ashley Moody, Attorney General, Amit Agarwal, Solicitor General, Jeffrey Paul DeSousa, Chief Deputy Solicitor General, and Evan Ezray, Deputy Solicitor General, Tallahassee, Florida; and Michael Mervine, Chief Assistant Attorney General, and Brian H. Zack, Assistant Attorney General, Miami, Florida,

for Respondent