DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHERMAINE JERMON LOWE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-101

[February 22, 2023]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562019CF002999.

Carey Haughwout, Public Defender, and Abdulmalik Ramelize, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Shermaine Jermon Lowe appeals his conviction and sentence after a jury found him guilty of violating section 790.23(1)(a), Florida Statutes (2019), a statute that makes it unlawful for a felon to have a firearm in their care, custody, possession, or control. Lowe argues the trial court erred when it ruled that all of his objections to inadmissible evidence were waived, including during trial, because his motion in limine was purportedly untimely. We agree with Lowe and reverse his conviction and sentence.

Lowe filed a motion in limine asking the trial court to exclude references to the firearm being stolen as irrelevant and prejudicial, and statements that a hotel clerk made to the arresting officer before Lowe's arrest as inadmissible hearsay. The trial court treated the motion as an untimely motion to suppress and denied the motion without addressing any of the motion's arguments or the merits of the evidentiary objections. When the trial began, Lowe renewed the motion, but the court again declined to address the merits. Instead, the court ruled Lowe had waived his evidentiary objections.

The trial court erred when it declined to consider the motion in limine or the corresponding evidentiary claims at trial. Even if the motion were characterized as a motion to suppress, the court could consider it. Florida Rule of Criminal Procedure 3.190(g)(4) generally requires a motion to suppress to be filed before trial, but the rule allows the court to consider the motion at trial. So even as a motion to suppress, Lowe's motion was not barred because Rule 3.190 does not require motions to suppress to be heard before trial, and failure to file a pretrial motion to suppress does not result in a waiver of the defendant's right to file a motion during trial. *Savoie v. State*, 422 So. 2d 308, 310 (Fla. 1982).

The court erred when it categorically refused to consider Lowe's motion, and later when it refused to consider Lowe's objections to specific portions of evidence at trial. We therefore reverse Lowe's conviction and sentence and remand for a new trial.

*Reversed and remanded.*

GROSS and DAMOORGIAN, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

2